**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.L.**

**No. 22-0310** (Preston County 21-JA-75)

## MEMORANDUM DECISION

Petitioner Mother L.K.[1] appeals the Circuit Court of Preston County's March 24, 2022, order terminating her parental rights to R.L.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July of 2021, the Department of Health and Human Resources ("DHHR") filed a petition alleging that petitioner gave birth to R.L. at her home to conceal the birth and her continued substance abuse from the DHHR. The DHHR alleged that petitioner's home was a "small, pull behind camper" that was filthy. Petitioner admitted that she had no prenatal care during her pregnancy and neither she nor R.L. received any medical care after the birth. The DHHR further alleged that petitioner's parental rights to six other children had been previously terminated, including her rights to one child who was born at petitioner's home in an attempt to conceal the birth from the DHHR. The DHHR alleged that the prior terminations of petitioner's parental rights were based on substance abuse and her failure to acknowledge her addiction to illicit substances.

The circuit court held a preliminary hearing in July of 2021, ratified R.L.'s removal, and ordered petitioner to participate in random drug screening, including a hair follicle test. After a period of noncompliance with that order, petitioner was drug screened in August of 2021, and tested positive for methamphetamine. Thereafter, the DHHR amended the petition to allege that petitioner continued to abuse controlled substances.

---

[1] Petitioner appears by counsel Kristen D. Antolini. The West Virginia Department of Health and Human Resources appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee A. Niezgoda. Hilary M. Bright appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The circuit court held an adjudicatory hearing in December of 2021. The circuit court heard testimony from seven witnesses, including petitioner, and took judicial notice of petitioner's prior abuse and neglect proceedings that resulted in the termination of her parental rights to her six other children. The parties presented evidence that petitioner was generally noncompliant with random drug screening, tested positive for methamphetamine on the occasions she did submit to screening, and denied substance abuse when confronted with her positive drug screen results. The evidence further established that petitioner failed to keep in contact with the DHHR, did not attend multidisciplinary treatment team meetings, and had no visitation scheduled with R.L. Accordingly, the circuit court adjudicated petitioner as an abusing parent. Additionally, the court found that although aggravated circumstance existed based on petitioner's prior termination of parental rights, the DHHR had continued to make reasonable efforts to reunify the family.

The circuit court held dispositional hearings in January and February of 2022 and heard evidence from the DHHR in support of its motion to terminate petitioner's parental rights. Petitioner moved for a post-adjudicatory improvement period but presented no evidence in support of her motion, and she did not testify. The circuit court found that petitioner was not participating in random drug screening, tested positive when administered drug screens prior to court hearings, had had no contact with the child or the DHHR, and "voiced a lack of trust of [Child Protective Services]." According to petitioner's DHHR case manager, petitioner continued to deny any substance abuse problem, despite her positive drug screen results. The court found that petitioner "failed to show. . . that [she had] any desire to change to correct these deficiencies and problems." In sum, the court found that "[n]ot one thing has changed since the prior [child abuse and neglect] case." It concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future and that termination of petitioner's parental rights was necessary for the welfare of the child. Accordingly, the circuit court terminated petitioner's parental and custodial rights to R.L. by its March 24, 2022, order. Petitioner now appeals that order.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the DHHR failed to make reasonable efforts to reunify the family, and the circuit court erred in terminating her parental rights prior to the provision of services. Indeed, West Virginia Code § 49-4-601(d) requires the DHHR to "provide supportive services in an effort to remedy circumstances detrimental to a child" immediately upon the filing of the petition, and the circuit court must consider "whether or not the [DHHR] made reasonable efforts . . . to preserve the family" prior to terminating a parent's parental rights. *See id.* § 49-4-604(c)(6)(C)(iii). Petitioner acknowledges that the circuit court found that the case presented "aggravated circumstances" at the adjudicatory hearing in December of 2021, which absolved the DHHR from making reasonable efforts. *See id.* § 49-4-

---

[3]The father's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption by a foster family.

2

604(7) (setting forth conditions where the DHHR is relieved of its duty to make reasonable efforts for reunification, including when "[t]he parental rights of the parent to another child have been terminated involuntarily"). However, petitioner asserts that the DHHR should have made reasonable efforts prior to the circuit court's findings in accordance with West Virginia Code § 49-4-601(d). Upon our review of the record, we note the circuit court's orders in July, August, and September of 2021 provide that the DHHR was making reasonable efforts to reunify the family, and petitioner cites to no place in the record undermining those findings. The record also provides that petitioner was offered random drug screening and visitation with the child, and that she did not avail herself of either service. Accordingly, we find her argument to be without merit.

Petitioner also argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner's failure to acknowledge her substance abuse issue is fatal to this assignment of error. This Court has long held that "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Here, the evidence clearly showed that petitioner failed to acknowledge that she had a substance abuse issue and, according to the circuit court, she gave "every excuse imaginable as to why [she was] testing positive" for controlled substances. Based on petitioner's failure to acknowledge her substance abuse issue, we find no error in the circuit court's decision to deny her motion for a post-adjudicatory improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights. That argument is wholly based on the DHHR's alleged failure to provide remedial services. However, as we found above, that argument is meritless. Notably, petitioner does not challenge the circuit court's findings that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination of her parental rights was necessary for the child's welfare. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings). The evidence of petitioner's continued substance abuse and her failure to acknowledge the same clearly supports the circuit court's conclusions. *See id.* § 49-4-604(d)(1) (providing that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has "habitually abused . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not followed through with" a family case plan). Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights to the child. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4